# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

ANTHONY TERRELL COBB,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: CV215-176

(Case No. CR210-34)

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Anthony Cobb ("Cobb"), who is currently housed at the Federal Transfer Center in Oklahoma City, Oklahoma, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 contesting his conviction obtained in this Court. Respondent filed a Response. For the reasons which follow, Cobb's Section 2255 motion should be **DENIED**.

## STATEMENT OF THE CASE

Cobb was convicted in this Court, after entry of a guilty plea, of unlawfully transferring a short-barreled shotgun, in violation of 26 U.S.C. § 5861(e), and distribution of a controlled substance within 1,000 feet of a school zone, in violation of 21 U.S.C. §§ 841(a)(1) and 960. J., United States of America v. Cobb, 2:10-cr-34, (S.D. Ga. May 13, 2011), ECF No. 109. The Honorable Lisa Godbey Wood sentenced Cobb to 150 months' imprisonment, which was comprised of 120 months as to the firearm offense and a 150-month concurrent sentence on the distribution count. Id. Cobb filed a direct appeal, which was dismissed for want of prosecution. Not. of Appeal and

Order, United States of America v. Cobb, 2:10-cr-34 (S.D. Ga. May 23, 2013, and Nov. 5, 2013), ECF Nos. 120, 131.

On January 22, 2015, United States Attorney Edward J. Tarver disclosed to the Court information regarding an "improper relationship" between Assistant United States Attorney ("AUSA") Cameron Ippolito and ATF Special Agent Lou Valoze. In Re: Ippolito & Valoze, 2015 WL 424522, at *1 (S.D. Ga. Jan. 30, 2015). The Court ordered that the United States Attorney "submit a list of all cases . . . in which AUSA Ippolito and Agent Valoze collaborated." Id. Cobb's prosecution was listed as one of these cases. Resp., In Re: Ippolito & Valoze, 2:15-mc-2 (S.D Ga. Feb. 11, 2015), ECF No. 4-1, p. 4.

In this Motion, Cobb asserts his Motion is timely pursuant to 28 U.S.C. § 2255(f)(4) because he recently learned of the facts underlying his claims through due diligence. Respondent contends, to the extent Cobb claims entitlement to relief based on the Government's disclosure of the relationship between Ippolito and Valoze, the prosecutor and federal agent involved in the prosecution of his case, Cobb is not entitled to his requested relief.

## DISCUSSION AND CITATION TO AUTHORITY

I. **Whether Cobb's Motion is Timely**

Motions made pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations period. 28 U.S.C. § 2255(f). This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

AO 72A
(Rev. 8/82)

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Cobb asserts he discovered, through due diligence, that Ippolito and Valoze were having an extramarital affair for years, including during the time the storefront sting operation under which he was prosecuted was operating. (Doc. 1, pp. 1–3.) Cobb benches his assertions in general terms regarding the numerous criminal defendants whose prosecutions occurred while Ippolito was the lead AUSA and Valoze was the lead agent prosecuting these cases, yet he does not assert how the disclosure of this affair affected him or his proceedings. (Id. at pp. 5–9.) Respondent contends Cobb's motion is timely but without merit. The Court accepts that Cobb's claims trigger § 2255(f)(4)'s statute of limitations period. However, for the reasons set forth below, Cobb is not entitled to his requested relief.

The Eleventh Circuit has explained that, for a guilty plea to be made knowingly and voluntarily, the court accepting the guilty plea must "specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). During the change of plea, or Rule 11, hearing, Judge Wood informed Cobb that the purpose of the hearing was to determine whether he understood the case against him, that he was waiving certain rights if she accepted his guilty plea, and whether he was freely and

3

voluntarily pleading guilty. Tr., United States v. Cobb, 2:09-cr-34 (S.D. Ga. Jan. 20, 2016), ECF No. 157, pp. 2–3, 7–9. Cobb informed Judge Wood that no one had made him plead guilty. Id. at p. 4. After having him sworn in, Judge Wood explained the differences between pleading guilty and pleading not guilty, and Cobb testified he understood the differences. Id. at p. 8. Judge Wood explained to Cobb what the Government would have to prove, beyond a reasonable doubt, to obtain a conviction and the maximum penalty she could impose against him. Id. at pp. 11–13. Cobb's plea agreement contained an appeal waiver provision, which the AUSA summarized and Judge Wood also summarized, and Cobb expressed his understanding of this provision. Id. at pp. 15–16, 17. Judge Wood determined Cobb's guilty plea was knowing and voluntary, and she approved the plea agreement. Id. at p. 19. Detective Tim Williams with the Glynn County Police Department was called to provide the factual basis for Cobb's plea agreement. Detective Williams testified that Cobb started coming into the store, which was across the street from Heritage Christian Academy, beginning on October 29, 2009, and was coming to the store on an almost daily basis. Id. at p. 22. Detective Williams also testified that Cobb sold agents illegal drugs on eleven occasions and approximately six firearms. Id. Detective Williams specifically testified that Cobb sold a 12 gauge shotgun, which was sawed-off and not registered in the National Firearms Registration and Transfer Record, and another firearm to agents on December 9, 2009, for $450 in cash and merchandise in the store. Id. at p. 23. Cobb did not disagree with Detective Williams' testimony. Id. at p. 24. Cobb even told Judge Wood in his own words why he was guilty of the offenses to which he was pleading. Id. Judge Wood accepted Cobb's plea. Id.

AO 72A
(Rev. 8/82)

When a defendant enters a guilty plea pursuant to Rule 11 proceedings, "there is a strong presumption that the statements made during the colloquy are true" and his plea is knowing and voluntary. United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.8 (11th Cir. 1987). "A defendant must live with what he has told a court under oath. A defendant's sworn testimony to the trial judge in open court is presumed to be truthful. In the context of a plea hearing, the United States Supreme Court has stated that "the representations of the defendant . . . at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73–74 (1977). The defendant's representations are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise. Id.

The fact of the relationship between Ippolito and Valoze represents only impeachment information and "impeachment information is special in relation to the *fairness of a trial*, not in respect to whether a plea is *voluntary* ('knowing,' 'intelligent,' and 'sufficient[ly] aware')." United States v. Ruiz, 536 U.S. 622, 629 (2002) (emphases in original). By pleading guilty, a defendant waives the right to a fair trial and the concomitant right to exculpatory impeachment material. See id. While such information may have made Cobb "more aware . . . of the likely consequences of a plea, waiver, or decision, . . . the Constitution does not require the prosecutor to share all useful information with the defendant." Id. All that the law requires for a knowing, intelligent, and sufficiently aware waiver of a right to a fair trial by way of guilty plea is that "the defendant fully understand[ ] the nature of the right and how it would likely apply *in*

5

*general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it." Id. (emphases in original).

Further, even assuming *arguendo* that the Government's failure to disclose impeachment material in this instance is cause for constitutional concern,[1] Cobb not only swore to the facts underlying the offenses to which he pleaded guilty, but he also did not dispute Detective Williams' account of the events underlying the offenses to which he pleaded guilty. Tr., United States v. Cobb, 2:09-cr-34 (S.D. Ga. Jan. 20, 2016), ECF No. 157, pp. 22–25. "[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely." United States v. Stizer, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986) (citing United States v. Barrett, 514 F.2d 1241, 1243 (5th Cir. 1975)); see also United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988) ("[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false."). In light of the ample warnings from the Court during the plea colloquy regarding the consequences of pleading guilty and admitting the facts alleged in the indictment, it is exceedingly unlikely that disclosure of impeachment material satisfies the heavy burden of asserting that Cobb's statements made during that colloquy were false. Cf. United States v. Hauring, 790 F.2d 1570, 1571 (11th Cir. 1986) (concluding that, after entering a guilty plea, "any subjective belief" that the petitioner "would later be permitted to withdraw his plea and replead to a lesser charge was unjustified").

Therefore, the fact that the Government did not disclose impeachment material prior to Cobb's guilty plea does not entitle him to relief.

---

[1] In Ruiz, Justice Thomas read the majority as "suggest[ing] that the constitutional analysis turns in some part on the 'degree of help' such information would provide to the defendant at the plea stage." Ruiz, 536 U.S. at 633 (Thomas, J., concurring).

6

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Cobb's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DENIED**.

**SO REPORTED and RECOMMENDED**, this 25th day of February, 2016.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)