# In the United States District Court for the Southern District of Georgia
## Brunswick Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CR 210-034 |
| ANTHONY TERRELL COBB, | |
| Defendant. | |

### ORDER

Before the Court is Defendant Anthony Cobb's motion for early termination of supervised release, dkt. no. 194, to which the Government has filed no objection. For the reasons below, Defendant's motion is **GRANTED**.

### BACKGROUND

Pursuant to a written plea agreement, Defendant pleaded guilty to Counts 14 and 20 of the Indictment, that is, transfer of a sawed-off shotgun, in violation of 26 U.S.C. § 5861(e), and distribution of a controlled substance within 1,000 feet of a school zone, in violation of 21 U.S.C. §§ 841(a)(1), 860, respectively. Dkt. Nos. 104-1, 109. On May 12, 2011, the Court sentenced Defendant to a total term of 150 months' imprisonment, followed by a total term of six years' supervised release. Dkt. No. 109. The Court also imposed special conditions of supervision, as well as a $200 special assessment. Id.

On or about November 6, 2020, Defendant was released from Bureau of Prisons' custody and commenced his term of supervision. Defendant has completed over thirty-eight months of his seventy-two-month term of supervision and now moves the Court for early termination of same. Dkt. No. 194.

In his motion, Defendant argues that since he began his term of supervision, he has been in full compliance with the terms thereof, he has maintained both stable employment and stable housing, he has a solid relationship with his family, and he has become active in his community. Id. at 2. He has also established a small landscaping business and obtained his commercial driver's license. Id. Additionally, Defendant argues that, while incarcerated, he displayed exemplary conduct, obtained his General Educational Development diploma, and completed several rehabilitation courses. Id.

The Court notes that Defendant did receive one delinquency report while incarcerated, however, he maintained clear conduct thereafter. The Court also notes that Defendant has paid his special assessment in full. Notably, Defendant's motion is unopposed by the Government, as well as the United States Probation Office.

Under 18 U.S.C. § 3583(e)(1), a "court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a

term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and in the interests of justice."

The Court concludes that, after serving over half of his term of supervision, Defendant has satisfied the relevant § 3553(a) factors for early termination of supervised release. Importantly, Defendant has shown that he has taken full responsibility for his actions and has changed his life for the better. Accordingly, Defendant's motion for early termination of supervision, dkt. no. 194, is **GRANTED**. Defendant's term of supervised release is hereby terminated.

**SO ORDERED** this 18 day of January, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA